Justice PLEICONES.
I respectfully dissent and would affirm both of appellant’s convictions. I emphasize that my dissent is confined to the sole issue raised by appellant in his brief, which alleges error in the trial court’s admission of certain hearsay statements.
In brief, appellant contends that the trial judge erred in admitting eight statements made by the detective during the course of appellant’s more than hour long interrogation.[6] Appellant contends, and I agree, that these statements should *411 have been excluded since they contain inadmissible hearsay. The vast majority of the eight objectionable statements relate to what the majority refers to as “The First Shooting,” and I agree with the majority that the erroneous admission of these statements was harmless in light of the overwhelming evidence of appellant’s criminal responsibility for the shooting of Donald Parker.
It appears the only portion of the eight passages that specifically relate to the Second Shooting, which occurred outside the club, is found in the last statement. That statement begins, “They’re saying you came out of the club shooting-They’re saying you were shooting in the air. That’s what they are saying. That’s exactly what they are saying you did.” The remainder of this statement relates back to the Parker shooting. In my opinion, while this statement should have been excluded, its admission was harmless since it only accused appellant of shooting in the air once he left the club, and there is no question that he did fire his gun in the parking lot.
*412 Appellant seeks reversal solely on the basis of the trial court’s refusal to strike these eight statements from evidence. While I agree these statements were inadmissible hearsay, I would affirm both of appellant’s convictions as I find the appellant failed to establish prejudice warranting reversal. State v. Brockmeyer, 406 S.C. 324, 751 S.E.2d 645 (2013).

. These are the eight statements, including the time during the interrogation at which they were made, as reproduced in appellant’s brief:
4:00-4:30 "Word is you have been identified as somebody who did some shooting yesterday.”.... "There’s a bunch of people identified you
5:25-5:39 "When we was at the Shriner’s club on May 24, [witness name] and my boyfriend [unknown name] was about to take a picture and he [Appellant] was already taking his picture with his *411 gun up and we asked him what he was doing with it in there and he pointed it at us and he pointed it and he just started shooting everywhere.” (Investigator Fraser purportedly reading a statement provided by a witness.)
6:06-6:10 "There’s a lot people that saw you do it.”
7:11-7:21 “Well there’s too many people that saw you shoot it.... Everybody's saying the same thing. They confronted you about having the gun in that picture and you started shooting.”
9:58-10:13 "I’ve got statements from people that identify you as the shooter by name.... They called your name ... They wrote it in the statements, straight up.”
12:04-12:08 "But people saw you. They know you. They called your name.”
49:29 “All I have to go on is what the witnesses there said. That's it. I’ve got you with the gun. I’ve got them saying you are the one that shot.”
53:10-55:18 "They’re saying you came out of the club shooting.... They’re saying you were shooting in the air. That’s what they are saying. That's exactly what they are saying you did.... They’re saying they confronted you. They are like ’What are you doing with the gun.' That’s when you pulled out the gun and started shooting.... That's exactly what they are saying.... That's what they are saying.... You’re thinking that there's only one person saying you did it. There’s a bunch of people; they were there, they saw you and they called your name ... They saw you with the gun.”